IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KHAMANI LODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-124 |
| | ) | |
| UNITED STATES OF AMERICA; TONY MILON, Director; and ATLANTA VA REGIONAL OFFICE, | ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, is a disabled Gulf War veteran who alleges he was wrongfully denied special monthly compensation for traumatic brain injury by the Secretary of Veterans Affairs. (Doc. no. 1, pp. 1-2.) Plaintiff alleges he was exposed to Sarin, a nerve agent, but U.S. government entities concealed information demonstrating 200,000 servicemembers were exposed to Sarin for three decades. (Id. at 2.) Plaintiff has recently attempted to file claims with the U.S. Department of Veterans Affairs seeking entitlement to a special monthly compensation for traumatic brain injury and post-traumatic stress disorder due to his Sarin exposure. (See id. at 1-6.) However, when Plaintiff obtained favorable Compensation and Pension Examination reports from two doctors, Defendant Atlanta VA Regional Office cancelled his benefits claims, leaving Plaintiff without options for redress or appeal. (Id. at 3-4.) Plaintiff, invoking the Administrative Procedure Act and citing Loper Bright Enters. v. Raimondo, 144 S. Ct. 2244 (2024), requests the Court review Plaintiff's

claims and order Defendants to award Plaintiff the special monthly compensation and back pay of benefits dating to his original disability claim filed in 1992. (Doc. no. 1, pp. 1-2, 5-6.)

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Plaintiff asserts federal question jurisdiction based on the Administrative Procedure Act ("APA") and asserts under Loper, "review of the Secretary['s] abusive tactics can now be directly address[ed] in U.S[.] District Court." (Doc. no. 1, p. 3.) The core of Plaintiff's claims, however, rests on his alleged wrongful denial of veterans benefits by the Department of Veterans Affairs. (Id. at 4.)

"The APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute,' but withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review.'" Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345 (1984) (quoting 5 U.S.C. §§ 701(a)(1), 702). In 1988, Congress enacted the Veterans' Judicial Review Act ("VJRA"), which "created an exclusive scheme for the review of claims affecting veterans' benefits." Andrews v. Sec'y, Dep't of Veterans Affs., 845 F. App'x 880, 883 (11th Cir. 2021) (*per curiam*).; see also Pinson v. United States, No. 21-14032, 2022 WL 16707956, at *2 (11th Cir. Nov. 4, 2022). The VJRA permits an appeal of a Department of Veterans Affairs decision first to the Board of Veterans' Appeals, then the U.S. Court of Appeals for Veterans Claims, then the U.S. Court of Appeals for the Federal Circuit, and finally, to the U.S. Supreme Court. Pinson, 2022 WL 16707956, at *2. "In short, Congress gave the aforementioned courts exclusive jurisdiction over claims affecting veterans' benefits." Id.; see also Andrews, 845 F. App'x at 883 ("Because the VJRA establishes an exclusive regime, district courts are divested of jurisdiction where the VJRA applies.")

"The VJRA's applicability—and conversely a district court's jurisdiction—depends on the gravamen of the claim, rather than its label." Andrews, 845 F. App'x at 884. Plaintiff's claims, which relate directly to a denial of veterans' benefits, fall squarely within the scope of "the provision of benefits by the Secretary to veterans" as described by the VJRA. 38 U.S.C.A. § 511. Plaintiff's references to the APA and to Loper do not change this analysis in light of the clear commands of the VJRA. Accordingly, this Court does not have jurisdiction over Plaintiff's claims.

3

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** based on lack of subject matter jurisdiction and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 5th day of August, 2024, at Augusta, Georgia.

/s/ Brian K. Epps
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA